IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

PAMELA FRAZIER, )
                       Plaintiff, )
)
v. ) No. 05-5029-SSA-CV-SW-WAK
)
JO ANNE B. BARNHART, Commissioner, )
Social Security Administration, )
)
                       Defendant. )

## ORDER

Claimant Pamela Frazier seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She applied for benefits in May 2003. The parties' briefs were fully submitted, and on February 13, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Claimant Frazier was born in 1962, has a high school education and formerly worked as a fast food worker or housekeeper.  She is married and asserts her husband has to help her put on her pants and shoes.  She describes her daily activities as staying in bed most of the time, watching television, listening to the radio, reading or doing some laundry.  She does not cook her own meals, does not clean her home or shop, and claims she needs assistance with bathing and doing her hair.  She claims disability from a back impairment, panic attacks, and repeated right shoulder dislocations.

Frazier asserts the administrative law judge (ALJ) erred in not giving greater weight to the opinions of her treating physicians, in discounting her subjective complaints and in his

determination of her residual functional capacity.  At oral argument, considerable focus was directed toward her mental status and treatment, and the connection between her mental status and the pain from her physical conditions.

In his opinion, the ALJ set forth what he considered to be numerous inconsistencies in the record between claimant's subjective complaints, her treatment, what she told her treating physicians, and her effort during evaluations by consultants.  The treatment notes of her mental health providers record situational problems due to temporary conditions and improvement with medication.  The ALJ found those notes did not adequately support the medical source statement provided by Dr. Shah, her psychiatrist.  Likewise, the ALJ discounted some of her subjective complaints with regard to her physical condition because she reported a more active lifestyle to her treaters, did not necessarily obtain timely treatment for what she claimed was an acute and extremely painful condition, and because the records suggested that at times she was exaggerating.

Counsel for claimant did a very nice job during oral argument of pointing out in the record what claimant believed to be errors in the ALJ's decision.  Certainly, some of the records support her assertions of disability and of error by the ALJ.  This court, however, is not reviewing the record de novo, but must determine whether there is substantial evidence on the record as a whole to support the decision of the ALJ.

In this case, claimant's credibility plays a considerable role in the determination of whether she is disabled.  "Where adequately explained and supported, credibility findings are for the ALJ to make."  Lowe v. Apfel, 226 F.3d 969, 972, (8th Cir. 2000).  Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence.  Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole.  Dixon v. Barnhart, 353 F.3d at 605.  The ALJ clearly reviewed claimant's testimony, subjective complaints, and the medical records and identified the areas where he found inconsistencies.  He noted the discrepancy between her statements about her very limited daily activities and her report to a physician that she experienced a sharp pain in her back when she was running.

3

Likewise, he explained his reasoning for discounting the opinion of a treating doctor because it was based solely upon subjective complaints of pain. The doctor had avoided prescribing narcotic pain killers because of concerns of addiction and had advised her to return to her former surgeon. It is not clear that claimant went back to the surgeon, and clearly she waited nearly a week to be seen in the office for a condition that her physician told her should be treated at the emergency room rather than in his office. The ALJ found this delay in seeking treatment indicated she was in less pain than she alleged. He noted that at another point, one of her treating physicians documented that he believed claimant was exaggerating her symptoms of pain.

Although the record supports claimant's assertion of medical problems, pain, and psychological conditions requiring treatment, the question before the court is whether the ALJ's finding that claimant is not disabled within the meaning of the Social Security Act is adequately supported by the record as a whole. The issue is not whether claimant was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991). The same holds true for her other medical and mental health conditions.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds substantial evidence to support the ALJ'S decision to discount plaintiff's testimony and the medical source statement of her treating physician. Further, the agency's decision is supported by substantial evidence on the record.

> For these reasons and those set forth in more detail in the Commissioner's brief, it is
> ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.
> Dated this 28th day of February, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge